## HOBBS v. BRAYTON.

### *Appeal from Delaware District Court — Saturday, May 16.*

#### CONTRACT: PAROL AGREEMENT: STATUTE OF FRAUDS.

Suit in equity for specific performance, and for injunction against waste, and prosecution of suit at law. There was a decree by the District Court for the plaintiff, and defendants appeal.

*John M. Brayton*, *pro se*, and *Wm. G. Hammond* for the appellants — *Wilson & Doud* and *W. T. Barker* for the appellee.

COLE, J. — Charles W. Hobbs, the father of the plaintiff, formerly owned about three hundred and sixty acres of land near Delhi, in Delaware county. About three hundred and twenty acres were incumbered, first, with a mortgage to the school fund; second, with a trust deed; and third, with several judgments, the second of which judgments, in point of priority, was owned by the defendant, Albert W. Brayton. Under the judgment, which was the first lien, Albert W. Brayton had purchased the forty acres not included in the school fund mortgage or trust deed. Under the trust deed sale, the plaintiff, Charles F. Hobbs, had purchased all the lands included in it. Albert W. Brayton's judgment was yet unsatisfied. Charles W. Hobbs claimed a homestead in forty acres of the land included in the school fund mortgage and trust deed. The school fund mortgage was about to be, though it was not yet, foreclosed. John M. Brayton held certificates of tax sale on some of the lands, and was the agent and attorney of the defendant, Albert W. Brayton, who was a non-resident.

Under these circumstances the plaintiff, Charles F. Hobbs, his father,

Charles W. Hobbs, who was insolvent, and the defendant, John M. Brayton, for himself, and as agent for his brother, Albert W. Brayton, met for the purpose of agreeing upon and adopting some plan whereby their respective interests might be fully protected. It was finally agreed to fix a proportionate valuation upon each forty, excepting the home-stead, so that the aggregate would equal the total amount of the school fund mortgage debt, the trust deed debt, and the judgment of Albert W. Brayton, and the one prior in lien to his. Such valuation was fixed by John M. Brayton, and the plaintiff, agreeing thereto, selected sixty acres, the estimated value of which equaled the amount bid at his trust deed sale and purchase. Forty acres, so selected, was included in the trust deed, and the other was an undivided half of a tract bought by Albert W. Brayton at execution sale. Charles W. Hobbs was to have his homestead, Albert W. Brayton was to take the re-mainder of the land, and John M. Brayton, for him, was to attend the school fund mortgage foreclosure sale, and bid in the property, so as to perfect the title of all the parties to their respective portions, and the plaintiff was not to attend or bid. Deeds were then to be made by each party to the others accordingly.

This agreement was in parol, but it is testified to substantially alike by all the parties. The defendant, John M. Brayton, however, testifies, that the agreement was to be reduced to writing and signed by the parties. In this he is flatly contradicted by Charles W. Hobbs, and, in effect, by Charles F. Hobbs. Though the latter admits, that said Bray-ton said it had best be reduced to writing, so that he could use it in the foreclosure proceeding if necessary. It was never signed by any of the parties.

The plaintiff relying upon the agreement, did not attend the school fund mortgage foreclosure sale, and John M. Brayton did attend, and bought the whole property, except the homestead, in his own name, for the mortgage debt and costs, about four hundred and forty-seven dollars. And the plaintiff, relying upon and carrying out the agree-ment, held possession of the portion he was to have, and made no claim to any other portions. The Braytons refusing to execute the deeds, and John M. having brought suit at law to recover the land claimed by plaintiff, this suit was brought to compel specific perform-ance of the agreement and enjoin the suit at law.

The District Court decreed the performance and perpetuated the injunction. This was right. The defendants having had the full benefit of the agreement, and the plaintiff relying thereon having per-mitted them to purchase at the school fund mortgage foreclosure sale, whereby they perfect the title in themselves to all the land not claimed now by him, except the homestead, it would be grossly inequitable and unconscionable to excuse them from the performance of their undertakings, and especially to take from him the lands he was to have,

and for which he paid his money and discharged a lien paramount to Albert W. Brayton's judgment.

If the parol contract with reference to the adjustment of the liens and rights of the parties and to the purchaser under the school fund mortgage is within the statute of frauds, the same was proved by the testimony of the defendant as a witness, and is therefore taken out of the statute. Rev. § 4010. Defendants, admitting the terms of the contract, claim that it was to be reduced to writing and signed. It was drawn out by one of the defendants, but not signed. A fair preponderance of the evidence is against the proposition, that it was to be signed before it was to be regarded by the parties as completed.

But the District Court also decreed, that the plaintiff recover of defendant, Albert W. Brayton, the sum of four hundred and forty dollars, the amount of his bid at the trust deed sale and interest thereon. This was error. Certainly, the plaintiff is not entitled to his land, and to his money both.

The District Court also adjudged, that plaintiff recover his costs. The plaintiff, by the agreement, as proven, was to convey by deed of quitclaim to Albert W. Brayton, all the lands purchased by him at the trust deed sale, except the forty to be kept by him. So also was Charles W. Hobbs to convey in like manner, all except the homestead and plaintiff's sixty acres. Those conveyances were not made until the term before the cause was submitted. The plaintiff had no complete right to his action for specific performance until he had himself performed, or offered to perform, on his part. His right of action was not perfect until his tender of the deed. The plaintiff will be required to affix and properly cancel a proper revenue stamp, to the deed tendered by him, and will thereby be entitled to his decree for specific performance. Plaintiff to pay costs.

The judgment of the District Court will be modified accordingly. The defendants will also recover costs in this court.

Modified and affirmed.

WRIGHT, J. (dissenting). — In a case involving purely questions of fact, I regret that I cannot bring myself to agree with the other members of the court. Upon the evidence found in this record, however, I have a conviction so clear and decided, adverse to the construction given to it in the foregoing opinion, that I cannot, consistently with my views of duty and the law, yield to the substantial affirmance of this judgment. The point of divergence is, that I insist that the testimony fails entirely to show that there ever was a *completed contract* in relation to this land. That the parties *talked* about it I admit, but the terms were to be reduced to writing, and thus definitely and permanently settled. This the defendant, Brayton, offered to do. He drew up the contract, which the other parties refused to sign, and

never would execute. There is no admission of the contract, as set up by plaintiff, in defendant's answer, nor by his testimony. The case is simply one where the plaintiff relies upon a parol contract for the purchase of land — no money paid, possession taken, nor any other circumstance to take it out of the statute — one where the parties negotiated as to the terms, and separated with the understanding that the whole matter was to be reduced to writing. This, however, never was done; nor was the failure from any fault of defendants. To decree a specific performance under such circumstances, is, in my opinion, to overlook and disregard the safeguards of the statute, and to give to a mere negotiation as to terms the full force and effect of a complete contract. The case of *Auter* v. *Miller* (18 Iowa, 405) is directly in point. In my opinion, plaintiff's bill should have been dismissed.